## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EMILY-ANN OCASIO,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, SOURCE
RECEIVABLES MANAGEMENT,
LLC, RENT RECOVERY
SOLUTIONS, LLC, and COLUMBIA
DEBT RECOVERY, LLC,

     Defendant.

CASE NO.

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, EMILY-ANN OCASIO (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), SOURCE RECEIVABLES MANAGEMENT, LLC (hereinafter "SRM"), RENT RECOVERY SOLUTIONS, LLC (hereinafter "RRS") and COLUMBIA DEBT RECOVERY, LLC (hereinafter "Columbia") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

2

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.    The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Manatee County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    SRM is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

20.    SRM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    SRM furnished information about Plaintiff to the CRAs that was inaccurate.

22.    RRS is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

23.    RRS is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.    RRS furnished information about Plaintiff to the CRAs that was inaccurate.

5

25.    Columbia is a corporation with its principal place of business in the State of Washington and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays St., Tallahassee, FL 32301.

26.    Columbia is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.    Columbia furnished information about Plaintiff to the CRAs, including but not limited to Equifax, which was inaccurate.

## **FACTUAL ALLEGATIONS**

28.    Upon information and belief, Plaintiff is a victim of identity theft.

29.    Plaintiff is a natural person who is alleged to owe a debt on multiple accounts which do not belong to her.

30.    On or about the middle of 2025, Plaintiff was reviewing her credit file and noticed several accounts for rental agreement as well as corresponding collection accounts for these rental agreements on her credit report. Plaintiff has taken out any of the aforementioned fraudulent rental agreements, not authorized anyone to take out the agreements, nor lived at any of the locations.

31.    The fraudulent rental accounts and corresponding collection accounts were:

i.   Rent Recovery Solutions, Partial Account # starting 745189, with a balance of $7,611.00

ii.   Columbia Debt Recovery, Partial Account # starting in 453824, collecting for 101 N. Meridian, with a balance of $362.

iii.   Source Receivables Management, Partial Account # starting in 2817, collecting for BMF IV FL Radius Palm, with a balance of $9,559.00

iv.   RD/BP/Radius Palms, Partial Account # starting in 1745, with a balance of $0/closed showing high credit of $1,719.00

v.   RD/BP/Vinings at Hunter Green, Partial Account # starting in 1779, with a balance of $0/closed but showing high credit of $1,831.00

vi.   RD/IL/Preserve at Tampa/Inland Residential, Partial Account # starting in 1749, with a balance of $0/closed but showing high credit of $1,876.00

32.   On or about June 2025, Plaintiff submitted online disputes for the fraudulent Columbia account and associated rental agreements with Experian.

33.   On or about July 2025, Plaintiff submitted a second dispute for the fraudulent Columbia account and associated rental agreements with Experian.

34.   On or about August 2025, Plaintiff submitted an online dispute for the fraudulent SRM account with Experian.

35.     On or about September 2025, Plaintiff submitted an online dispute for the fraudulent RRS account, as well as a third online dispute for the fraudulent Columbia account with Experian.

36.     On or about September 22, 2025 and December 19, 2025, Plaintiff filed Identity Theft Reports with the Federal Trade Commission (Report #s 192812955 and 195138318 respectively)

37.     On or about October 2025, Plaintiff submitted a second online dispute for the fraudulent SRM and RRS accounts with Experian.

38.     Plaintiff never received responses from Experian as to the plethora of disputes described above.

39.     On or about November, 2025, Plaintiff checked her credit reports and was shocked to see the fraudulent Columbia, RRS and SRM accounts still reporting on her Experian report.

40.     On or about December 19, 2025, Plaintiff mailed detailed dispute letters to Equifax (Tracking # 7022 1670 0001 4664 1182) Experian and Trans Union (Tracking # 7022 1670 0001 4664 1199). In the detailed dispute letters she included her date of birth, full social security number and included images of her birth certificate and a pay stub to prove her identity. Plaintiff informed the CRAs about the fraudulent apartment accounts all opened around roughly the same time frame

and that the documents provided show those are not her addresses. She also included a copy of the FTC Report she filed as well.

41.     Plaintiff never received dispute results from CRAs as to these detailed dispute letters she submitted.

42.     Plaintiff was unable to pull her reports from Experian, however on or about January 3, 2026, Plaintiff pulled her reports with Trans Union and Equifax. She was relieved to see on both Trans Union and Equifax, the fraudulent debt collection accounts were gone, but some of the fraudulent apartment accounts remained.

43.     On or about February 4, 2026, Plaintiff mailed another set of detailed dispute letters to Experian (Tracking # 7022 1670 0001 4664 0994), Equifax (Tracking # 7022 1670 0001 4664 1014) and Trans Union (Tracking # 7022 1670 0001 4664 1007). In the detailed dispute letters she included her date of birth, full social security number and included images of her birth certificate and a pay stub to prove her identity. Plaintiff informed the CRAs about the fraudulent apartment accounts all opened around roughly the same time frame and that the documents provided show those are not her addresses. She also included a copy of the FTC Report she filed as well.

44.     On or about March 19, 2026, Plaintiff was relieved to see Experian had done the right thing and deleted the fraudulent SRM and Columbia accounts, as well

as the various fraudulent apartment accounts, but was stunned that it had kept the fraudulent RRS account on her credit report.

45. It defies all logic that with all the evidence and information provided to it, that Experian could finally deem almost all the fraudulent apartment related accounts as false, except for the RRS account and kept that one on.

46. While Plaintiff did not receive a response from Equifax as to her dispute, on or about March 19, 2026 she pulled her credit report and was pleased to see Equifax had finally removed all the fraudulent accounts.

47. On or about April 14, 2026, tried again to pull her credit reports. She was unable to pull her Experian report, but was stunned Trans Union to see while Trans Union had removed almost all the fraudulent apartment related accounts, the RRS account remained.

48. It defies all logic that with all the evidence and information provided to it, that Trans union could finally deem almost all the fraudulent apartment related accounts as false, except for the RRS account and kept that one on.

49. Equifax, Experian and Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information they received from the furnishers.

50. Equifax, Experian and Trans Union never attempted to contact Plaintiff during the alleged investigation.

10

51.    Upon information and belief, Equifax, Experian and Trans Union notified the furnishers of Plaintiff's dispute. However, the furnishers failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by the CRA's in connection with the dispute investigation.

52.    Despite Plaintiff's best efforts to have the fraudulent accounts removed, the CRAs removed some of the fraudulent apartment accounts, but not others. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

53.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

54.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make her credit file accurate.

55.    If at any point during the process the Defendants had conducted a reasonable investigation, the results would have been different.

56.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.    Loss of time attempting to cure the error;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

iv.    Loss of the ability to benefit from lower interest rates; and

v.    Apprehensiveness to apply for credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

57.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

58.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

12

60.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

61.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of fraud.

62.    The conduct, action and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

63.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

13

64.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

65.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

66.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

67.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

68.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

69.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

14

70.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

71.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

72.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

73.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent

15

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

74.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

16

77.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

78.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

79.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

80.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

81.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

17

82.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

83.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

84.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

85.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

18

86.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

87.    Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

88.    The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

89.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

19

90.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

91.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

92.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

93.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

94.    Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

95.    The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

96.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VII
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

97.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

98.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

99.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent

21

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

100.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

101.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

102.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**<u>COUNT VIII</u>**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

103.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

104.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

105.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

106.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

107.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

108.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

109.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

110.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

111.    Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

24

112.  As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

113.  Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

114.  The conduct, action and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

115.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

25

116. Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

117. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

118. Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

119. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

120. Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

121. The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

122.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

123.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

124.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

125.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any

27

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

126.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

128.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

28

129.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

130.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

131.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

132.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Source Receivables Management, LLC (Negligent)

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

136.   SRM furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

137.   After receiving Plaintiff's disputes, SRM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

30

138.   Plaintiff provided all the relevant information and documents necessary for SRM to have identified that the account was fraudulent.

139.   SRM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to SRM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

140.   SRM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

141.   As a direct result of this conduct, action, and/or inaction of SRM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

142. The conduct, action, and inaction of SRM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

143. Plaintiff is entitled to recover costs and attorney's fees from SRM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual damages against Defendant, SOURCE RECEIVABLES MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Source Receivables Management, LLC (Willful)

144. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

145. SRM furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

146. After receiving Plaintiff's disputes, SRM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own

32

internal records to prevent the re-reporting of the representations to the consumer reporting agency.

147.   Plaintiff provided all the relevant information and documents necessary for SRM to have identified that the account was fraudulent.

148.   SRM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to SRM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

149.   SRM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

150.   As a direct result of this conduct, action, and/or inaction of SRM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

151. The conduct, action, and inaction of SRM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

152. Plaintiff is entitled to recover costs and attorney's fees from SRM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, SOURCE RECEIVABLES MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Rent Recovery Solutions, LLC (Negligent)

153. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

154. RRS furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

155. After receiving Plaintiff's disputes, RRS violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately

34

respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

156. Plaintiff provided all the relevant information and documents necessary for RRS to have identified that the account was fraudulent.

157. RRS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to RRS by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

158. RRS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

159. As a direct result of this conduct, action, and/or inaction of RRS , Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

160. The conduct, action, and inaction of RRS was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

161. Plaintiff is entitled to recover costs and attorney's fees from RRS in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual damages against Defendant, RENT RECOVERY SOLUTIONS, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Rent Recovery Solutions, LLC (Willful)

162. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

163. RRS furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

164. After receiving Plaintiff's disputes, RRS violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account;

(2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

165. Plaintiff provided all the relevant information and documents necessary for RRS to have identified that the account was fraudulent.

166. RRS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to RRS by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

167. RRS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

168. As a direct result of this conduct, action, and/or inaction of RRS , Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

169.   The conduct, action, and inaction of RRS was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

170.   Plaintiff is entitled to recover costs and attorney's fees from RRS in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, RENT RECOVERY SOLUTIONS, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Respondent, Columbia Debt Recovery, LLC (Negligent)

171.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

172.   Columbia furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

173. After receiving Plaintiff's disputes, Columbia violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

174. Plaintiff provided all the relevant information and documents necessary for Columbia to have identified that the account balance was erroneous and fraudulent.

175. Columbia knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

176. Columbia violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

177. As a direct result of this conduct, action, and/or inaction of Columbia, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

178.  The conduct, action, and inaction of Columbia was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

179.  Plaintiff is entitled to recover costs and attorney's fees from Columbia in an amount to be determined by the Court pursuant to 15 USC § 1681o.

180.  WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award actual damages against Respondent, COLUMBIA DEBT RECOVERY, LLC; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Respondent, Columbia Debt Recovery, LLC (Willful)

181.  Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56)above as if fully stated herein.

182.  Columbia furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

183.  After receiving Plaintiff's disputes, Columbia violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii)

failing to accurately respond to the CRA's ; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

184.   Plaintiff provided all the relevant information and documents necessary for Columbia to have identified that the account balance was erroneous and fraudulent.

185.   Columbia knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

186.   Columbia violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

187.   As a direct result of this conduct, action, and/or inaction of Columbia, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

188.   The conduct, action, and inaction of Columbia was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

189.   Plaintiff is entitled to recover costs and attorney's fees from Columbia in an amount to be determined by the Court pursuant to 15 USC § 1681n.

190.   WHEREFORE, Plaintiff, EMILY-ANN OCASIO respectfully requests that this Court award actual or statutory damages and punitive damages against Respondent, Columbia Debt Recovery, LLC; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, EMILY-ANN OCASIO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, SOURCE RECEIVABLES MANAGEMENT, LLC, RENT RECOVERY SOLUTIONS, LLC and COLUMBIA DEBT RECOVERY, LLC, jointly and severally; attorneys' fees

and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED 21st day of April, 2026.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*